UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

FRED BLANSON, ET AL          CIVIL ACTION 3-04-2553


VERSUS                       U.S. DISTRICT JUDGE ROBERT G. JAMES


GRAPHIC PACKAGING
        INTERNATIONAL, INC.
                             U.S. MAGISTRATE JUDGE JAMES D. KIRK

REPORT AND RECOMMENDATION

Before the court is defendant's motion for summary judgment,
Doc. #50, referred to me by the district judge for Report and
Recommendation.

Plaintiffs filed suit for a failure to promote plaintiffs
because of their race under Title VII and, by amended petition,
under 42 U. S. C 1981. Suit was filed within 90 days of
plaintiffs' receipt of right to sue letters. The suit claims that
plaintiffs, union members who work or worked for defendant
pursuant to a collective bargaining agreement, were discriminated
against when they were not chosen for special, non-bargaining
unit jobs, referred to as "special assignment" or "when used"
jobs. Being chosen for such jobs is a promotion and carried with
it a significant increase in pay. The complaint does not state

the dates when the discrimination is alleged to have taken place[1]
nor does it specify the particular jobs regarding which
plaintiffs believe they were discriminated against. Most of the
plaintiffs filed EEOC claims asserting that the acts of
discrimination were continuing but providing no dates on which
the actions took place.

Defendants filed this Motion arguing that all of the claims
are prescribed, both under Title VII and under §1981 and,
alternatively, that there was no racial discrimination.

<u>The Law of Summary Judgment</u>

Rule 56 of the Federal Rules of Civil Procedure mandates
that a summary judgment:

"shall be rendered forthwith if the pleadings,
depositions, answers to interrogatories, and admissions
on file, together with the affidavits, [submitted
concerning the motion for summary judgment], if any,
show that there is no genuine issue as to any material
fact and that the moving party is entitled to judgment
as a matter of law."

Paragraph (e) of Rule 56 also provides the following:

"When a motion for summary judgment is made and
supported as provided in this rule, an adverse party

---

[1] Interrogatories propounded by the defendant seeking to elicit that basic and important information were objected to and were not answered.

may not rest upon the mere allegations or denials of
the adverse party's pleading, but the adverse party's
response, by affidavits or as otherwise provided in
this rule, must set forth specific facts showing that
there is a genuine issue for trial.  If the adverse
party does not so respond, summary judgment, if
appropriate, shall be entered against the adverse
party."

Local Rule 56.2W also provides that all material facts set
forth in a statement of undisputed facts submitted by the moving
party will be deemed admitted for purposes of a motion for
summary judgment unless the opposing party controverts those
facts by filing a short and concise statement of material facts
as to which that party contends there exists a genuine issue to
be tried.

A party seeking summary judgment always bears the initial
burden of informing the court of the basis for its motion, and
identifying those portions of the pleadings, depositions, answers
to interrogatories, and admissions on file, together with
affidavits, if any, which it believes demonstrate the absence of
a genuine issue of material fact.  Celotex Corp. v. Catrett, 106
S.Ct. 2548 at 2552; International Ass'n. of Machinists &
Aerospace Workers, Lodge No. 2504 v. Intercontinental Mfg. Co.,
Inc., 812 F.2d 219, 222 (5th Cir. 1987). However, movant need not

negate the elements of the nonmovant's case. <u>Little v. Liquid Air Corporation</u>, 37 F.3d 1069, (5th Cir. 1994). Once this burden has been met, the non-moving party must come forward with "specific facts showing that there is a genuine issue for trial." <u>Izen v. Catalina</u> 382 F.3d 566 (5th Cir. 2004); Fed. R. Civ. P. 56(e). All evidence must be considered, but the court does not make credibility determinations. If the movant fails to meet its initial burden, summary judgment should be denied. <u>Little</u>, 37 F.3d at 1075.

However, the non-movant, to avoid summary judgment as to an issue on which it would bear the burden of proof at trial, may not rest on the allegations of its pleadings but must come forward with proper summary judgment evidence sufficient to sustain a verdict in its favor on that issue. <u>Austin v. Will-Burt Company</u>, 361 F. 3d 862, (5th Cir. 2004). This burden is not satisfied with "some metaphysical doubt as to the material facts," by "conclusory allegations," by "unsubstantiated assertions," or by only a "scintilla" of evidence. <u>Little</u>, id.

In cases like the instant one, where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file." <u>Celotex</u> at 2553.

<u>Analysis</u>

<u>The Title VII Claims.</u>

Defendant argues that the Title VII claims are prescribed because plaintiffs failed to file charges with the EEOC within 300 days of the latest act of discrimination. They show that the earliest date a charge was filed by a plaintiff was on June 3, 2004; therefore, because the acts complained of were "discreet acts of discrimination" the discrimination must not have occurred any earlier than 300 days prior, or August 8, 2003. <u>National Railroad Passenger Corp. v. Morgan</u>, 122 S. Ct. 2061, 2068 (2002). Failure to promote is a discrete act of discrimination. <u>Morgan</u>, at 2072 [2] and the continuing violation theory is inapplicable. <u>Berry v. Bd. of Supervisors of L.S.U.</u>, 715 F.2d 971, 979 (5th C. 1983).

According to the affidavit filed by Jerry Nicholson, Director of Labor Relations for defendant, no employee has been selected for the special assignment jobs with a pay raise in such a job since May of 2003. In other words, since May of 2003, the jobs are no longer promotions. Rather the jobs are "bargaining unit" jobs like the others at the plant.

Plaintiffs have offered absolutely no evidence whatsoever in opposition to defendant's motion and, in their brief, fail to

------

[2] "Discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges."

even address defendant's arguments regarding prescription of the Title VII claims. As noted above, plaintiffs may not rest on the allegations of their pleadings but must come forward with proper summary judgment evidence sufficient to sustain a verdict in their favor. Austin v. Will-Burt Company, 361 F. 3d 862, (5th Cir. 2004). This burden is not satisfied with "some metaphysical doubt as to the material facts," by "conclusory allegations," by "unsubstantiated assertions," or by only a "scintilla" of evidence. Little, id.

Because plaintiffs have failed to show any discriminatory act which occurred within the 300 day period preceding the filing of the EEOC charges, summary judgment on those claims is appropriate.

The §1981 claims.

Defendant also seeks dismissal of plaintiffs' §1981 claims arguing that they were not filed within one year, the Louisiana time period for personal injury actions. Taylor v. Bunge Corp., 775 F.2d 617, 618 (5th C. 1985). Plaintiffs argue that the applicable limitations period is 4 years, under 28 U.S.C. §1658(a).

Prior to 1990, federal courts applied the most analogous state statute of limitations period to §1981 claims, which in Louisiana, was one year. See, e.g. Price v. Digital Equipment Corp., 846 F.2d 1026 (5th C. 1988). In 1990, Congress enacted the

6

statute upon which plaintiffs here rely, 28 U.S.C. 1658, which
created a default 4-year statute of limitations period for causes
of action created after that date. The supreme Court aptly
observed that the statute changed the §1981 limitations period to
4 years for some claims. <u>Jones v. R. R. Donnelley & Sons Co.</u>, 124
S.Ct. 1836, 1845 (2004). The court explained that, to the extent
that the Civil Rights Act of 1991 created new causes of action,
the new limitations period applied to them. If a claim was
cognizable under §1981 before then, the 4 year limitations period
did not apply. It is necessary then, to determine whether the
cause of action plaintiffs pursue, failure to promote, was
cognizable under §1981 before the effective date of the statute
creating the 4 year limitations period, 28 U.S.C 1658.

Under <u>Patterson v. McLean Credit Union</u>, 109 S. Ct. 2363
(1989), superceded by statute as recognized by the Supreme Court
in <u>Jones v. R.R. Donnelley & Sons Co.</u>, supra, which applied to
§1981 before the amendments of the Civil Rights Act of 1991, a
failure to promote claim was actionable under §1981 if the
promotion rose "to the level of an opportunity for a new and
distinct relation between the employee and the employer." Id, 109
S.Ct. at 2377.

I agree with defendants here that the promotion of which
plaintiffs complain would have created a new and distinct
employment relationship with the defendant. Most importantly this

7

is so because plaintiffs would no longer have been employed under the collective bargaining agreement of the union and governed by its pay scales. See, e. g., Police Ass'n of New Orleans v. City of New Orleans, 100 F.3d 1159, 1170-71 (5th C. 1996). The plaintiffs' salaries would have significantly increased and they would have been working, not pursuant to the bargaining agreement, but pursuant to an April 2002 memo which outlined the special jobs.

Therefore, because the promotion would have been a new relationship with the employer, their claims were actionable prior to the enactment of the 4 year limitations period in 28 U.S.C 1658 and are therefore governed by Louisiana's one year statute of limitations period. This court has previously so held. Michel v. St. Gobain Containers, Inc., 2005 U.S. Dist. LEXIS 34355 (05-207 LAWD), citing Johnson v. Crown Enterprises, Inc., 398 F.3d 339 (5th C. 2005). Because plaintiffs' claims were not filed within one year of the promotion of another to the jobs, plaintiffs' claims are prescribed and should be dismissed.

Because plaintiffs' claims under Title VII and §1981 are clearly prescribed, it is not necessary that the court address defendant's arguments on the merits.

For the foregoing reasons, IT IS RECOMMENDED that defendant's motion for summary judgment, Doc. #50, be GRANTED and plaintiffs' claims be DISMISSED WITH PREJUDICE.

**OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 9th day of January, 2007.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE